IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER C. BUCHER, SR., | : Civil No. 1:24-CV-1922 |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| KRASNO, KRASNO, & ONWUDINJO & ASSOC., et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Factual Background

This case comes before us for a screening review of the prisoner-plaintiff's *pro se* civil complaint. The plaintiff, Lester Bucher, is an inmate incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Houtzdale ("SCI Houtzdale"). Bucher brings this action against a law firm and one of its attorneys, Eileen Pomento, Esq., as well as unknown insurance companies. (Doc. 1).

Bucher's complaint alleges that sometime between November 11, 2022, and December 1, 2022, Pomento was hired to represent him in a

worker's compensation action. (Doc. 1 at 4). Bucher claims that Pomento gave his medical records to the case manager assigned to his case without his permission, told the case manager that Bucher's injuries were not severe and that he did not have any work restrictions. (*Id.*). He further alleges that Pomento "threatened" him by telling him that his criminal record would be used against him and that he would not be offered any more money. (*Id.*). Bucher appears to assert his claims under 42 U.S.C. § 1983, alleging a violation of the Fourteenth Amendment's Equal Protection clause, the Health Insurance Portability and Accountability Act ("HIPAA"), and state contract law.[1] (*Id.* at 5). As relief, he requests unspecified monetary damages. (*Id.*).

Along with this complaint, Bucher filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). We will grant Bucher's motion to proceed *in forma pauperis* for screening purposes only, but we will recommend that this complaint be dismissed.

---

[1] While Bucher has checked the box marked for filing a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (Doc 1 at 1), it is well settled that "[t]he Government is the only proper defendant in a case brought under the FTCA." *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). Accordingly, Bucher cannot bring an FTCA action against the named defendants, who appear to be private actors.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-

movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> As the Third Circuit Court of Appeals has aptly summarized:
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

## B. This Complaint Fails to State a Claim upon which Relief can be Granted.

As we have explained, Bucher appears to assert his claims under the Fourteenth Amendment and HIPAA, as well as state contract law. However, as we will discuss, Bucher may not bring a claim pursuant to § 1983 against private actors. Moreover, HIPAA does not provide for a private right of action to address HIPAA violations. Finally, because the complaint fails to state a claim under federal law, this court should decline to exercise supplemental jurisdiction over Bucher's state law contract claim.

At the outset, Bucher asserts his claims against Pomento, a private attorney, the law firm for whom she works, and unknown insurance companies arising out of Pomento's representation of Bucher during a worker's compensation matter. However, to the extent Bucher is asserting a Fourteenth Amendment claim under § 1983, it is well settled that a plaintiff may only bring a § 1983 claim against state actors. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Indeed, "private attorneys cannot be held liable under § 1983 for unilateral actions which they took on behalf of their clients as their private attorneys." *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 941 F. Supp. 2d 547, 562 (M.D. Pa. 2013)

6

(citing *Drum v. Nasuti*, 648 F. Supp. 888, 897 (E.D. Pa. 1986)). Instead, to meet the "state action" requirement, a plaintiff must establish that the attorneys "were not merely performing lawyers' traditional functions, but were attempting to exercise some sort of official authority over them." *Id.* (citations omitted).

Here, the complaint asserts that Pomento was acting as Bucher's private attorney during a worker's compensation matter, and that she gave information to the case manager without Bucher's consent. There are no allegations from which we can even infer that Pomento's actions were anything more than actions she took on behalf of her client as his private attorney. Further, the complaint does not allege any action taken by the law firm or the unnamed insurance companies. Accordingly, Bucher's complaint fails to state a § 1983 claim against the defendants.

Bucher also appears to assert that Pomento violated HIPAA when she gave Bucher's medical records and information to the worker's compensation case manager. However, it is well settled that "there is no private right of action under HIPAA." *Dominic J. v. Wyoming Valley West High School*, 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005) (citing *Swift v. Lake Park High Sch. Dist. 108*, 2003 WL 22388878, at *4 (N.D. Ill.

7

Oct.21, 2003) ("No federal court reviewing the matter has ever found that Congress intended HIPAA to create a private right of action.")). Accordingly, to the extent Bucher is asserting a claim regarding this alleged HIPAA violation, such a claim should be dismissed.

Finally, Bucher asserts that Pomento's actions resulted in a breach of the "attorney/client clause" that he signed in conjunction with Pomento's representation. (Doc. 1 at 4). However, because we have concluded that the complaint fails to state a claim under federal law, we recommend that the court decline to exercise supplemental jurisdiction over any state law breach of contract claim that the plaintiff is asserting. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if- ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

However, while we have concluded that Bucher's complaint does not state a claim at this time, recognizing that Bucher is a *pro se* litigant, we recommend that the court allow him an opportunity to amend his complaint to endeavor to state a claim upon which relief may be granted.

*See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or

her own determination because of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of January 2025.

                                      *s/ Daryl F. Bloom*
                                      Daryl F. Bloom
                                      Chief United States Magistrate Judge