IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESTER C. BUCHER, SR., **Plaintiff** | : : : | No. 1:24cv1922 |
| v. | : : : | (Judge Munley) |
| KRASNO, KRASNO & ONWUDINJO & ASSOCIATES, *et al.* **Defendants** | : : : : | (Chief Magistrate Judge Bloom) |

## ORDER

Before the court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom wherein he screened Plaintiff Lester C. Bucher, Sr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 8). He recommends the complaint be dismissed without prejudice with leave to amend. (Id.) No objection to the R&R has been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Plaintiff, an inmate at State Correctional Institution – Houtzdale, asserts claims against the Krasno, Krasno, and Odwudinjo law firm ("KKO"), one of its attorneys, and "any insurance compan[ies] they have" relative to the alleged release of his medical information. (Doc. 1). His complaint can be construed to advance such claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Federal Tort Claims Act, 28 U.S.C § 1346 ("FTCA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and state contract law.[1] (Id. at pp. 1, 4). Plaintiff contends that a KKO attorney, his counsel in a workers' compensation matter, shared information about his health to a county domestic relations office without his permission or a release. (Id. at p. 4).

After a careful review, the R&R will be adopted by the court. Chief Magistrate Judge Bloom cogently addressed several issues based on the facts pled in plaintiff's complaint, namely that plaintiff cannot proceed against his former attorney and her law firm under Section 1983 since he has not sufficiently alleged facts that they were state actors. (Doc. 8 at p. 6). Additionally, under the law, the United States government is the only proper defendant in an FTCA action and HIPAA does not provide for a private cause of action . (Id. at pp. 1, 7).

---

[1] Plaintiff utilizes a form complaint. (Doc. 1). That form provides three options to advance federal claims, including a civil rights action pursuant to Section 1983 and a negligence action against the United States under the FTCA. (Id. at p. 1). Plaintiff placed an X in the areas next to Section 1983 and the FTCA. (Id.) In the body of his allegations, plaintiff also references a HIPAA violation and violation of a contract between the parties. (Id. at p. 4).

The court agrees that plaintiff's complaint fails to state a claim under those statutes. Furthermore, the court agrees with the magistrate judge's recommendation that the court decline to exercise jurisdiction over the plaintiff's state contract law claims after dismissing claims premised upon federal question jurisdiction. (Id. at p. 8).

The R&R also recommends dismissing plaintiff's *pro se* complaint without prejudice with leave to file an amended complaint. After weighing whether amendment would be futile as to plaintiff's Section 1983 claim, the court will adopt this portion of the R&R but include some caveats. Plaintiff's FTCA and HIPAA claims will be dismissed with prejudice as futile. Plaintiff's Section 1983 claim will be dismissed without prejudice with leave to amend and plaintiff may assert state law contract claims in his amended pleading. The court, however, will convert dismissal of his Section 1983 claim to a dismissal with prejudice if he fails to file an amended complaint within the twenty-day timeframe.[2]

---

[2] In assessing plaintiff's complaint, the court is particularly mindful of its obligation to liberally construe a *pro se* litigant's pleadings, particularly where the *pro se* litigant is imprisoned. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020)(citing Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013)). Moreover, it is well settled that "district courts should dismiss complaints under the [Prison Litigation Reform Act] with leave to amend 'unless amendment would be inequitable or futile.'" Id. (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 112 (3d Cir. 2002)). Because plaintiff has mentioned in passing that a county domestic relations worker was involved in the release of his medical information, he may be able to allege facts supporting a plausible Section 1983 claim against the private-entity defendants. See Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 809 (2019)(citations omitted). Thus, leave to amend will be provided regarding plaintiff's Section 1983 claim.

The court thus finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court shall accept and adopt the R&R. It is hereby **ORDERED** as follows:

1) The R&R (Doc. 8) is **ADOPTED**;

2) The FTCA and HIPAA claims in plaintiff's complaint (Doc. 1) are **DISMISSED** with prejudice;

3) The Section 1983 and state contract law claims in plaintiff's complaint are **DISMISSED** without prejudice;

4) Plaintiff may file an amended complaint addressing the deficiencies highlighted in the R&R within twenty (20) days of the date of this order;

5) The amended complaint should be complete in itself and not refer to any previous filings; and

6) The failure to file an amended complaint in accordance with the above provisions will result in the dismissal of this action with prejudice as to his Section 1983 claims and the closing of this case.

BY THE COURT:

Date: 2/3/25

JUDGE JULIA K. MUNLEY
United States District Court